937 F.2d 602
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Floyd L. EGGLESTON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1888,
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided July 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-90-1296-N)
 Leonard David Lindauer, Sr., Portsmouth, Va., for appellant.
 Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa. (Argued) for appellee; Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, United States Attorney, Raymond A. Jackson, Assistant United States Attorney, Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Floyd Eggleston appeals the district court's order upholding the denial of his social security disability claim. Because the denial of benefits is supported by substantial evidence, we affirm.
 
 I.
 
 2
 Claimant Floyd Eggleston is a former vice-president of a bank in Appomattox, Virginia. On December 20, 1978, an aneurysm ruptured in his brain. He survived, and returned to work a few months later. However, he was never able to cope with his old job because of impairments to his short- and long-term memory. On May 30, 1980, he retired from the bank with a disability pension.[1] He moved to Portsmouth, Virginia, and has not worked since. On September 10, 1980, Eggleston filed a claim for social security disability benefits. Following a hearing before an administrative law judge (ALJ), his claim was denied on January 28, 1982. He did not appeal, and that denial became final.[2]
 
 
 3
 On December 31, 1985, Eggleston's disability insured status expired. On May 23, 1988, he filed another claim for disability benefits, alleging disability from May 30, 1980, to December 31, 1985. This claim was denied initially, and Eggleston requested a hearing before an ALJ. The hearing was held on June 23, 1989, and the ALJ issued an order denying benefits on July 31, 1989. On March 7, 1990, the Appeals Council denied review.
 
 
 4
 On May 9, 1990, Eggleston filed this action in district court. The parties filed cross-motions for summary judgment. On November 8, 1990, the district court granted summary judgment for the Secretary. Eggleston appeals.
 
 II.
 
 5
 If substantial evidence supports the ALJ's determination that, as of December 31, 1985, Eggleston retained the capacity to engage in substantial gainful activity, the denial of benefits must be affirmed. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 6
 Eggleston has no physical limitations. He was born in 1933, and so was 52 years old when his insured status expired. He has high blood pressure, but it is controlled with medication. Intelligence tests performed in 1980, 1981, and 1989 revealed full-scale IQs of 104, 103, and 97--all average. Wechsler Adult Intelligence Scale results from 1980 and 1989 are similarly in the average range.
 
 
 7
 Eggleston's sole limitation is his memory, especially verbal recall. He has difficulty remembering names, grocery lists, and instructions. He does better with nonverbal memory--for example, he could describe recent presidents who preceded Ronald Reagan, but he could not remember their names. A doctor in 1980 found that he had difficulty with verbal abstract reasoning, though a 1989 examination by another expert revealed no such limitation.
 
 
 8
 Eggleston drives by himself (up to 150 miles from his home), occasionally plays golf, and goes shopping alone if he takes a written list of things to buy.
 
 
 9
 The Secretary concedes that Eggleston's impairment precludes him from performing his past relevant work as a bank vice-president. However, Eggleston is still not eligible for disability benefits if he can perform substantial gainful work that is available in the community. The burden is on the Secretary to show what this work is and that it is available.
 
 
 10
 A vocational expert, Bates, provided this evidence at the hearing. He testified that Eggleston could perform simple, routine, object-oriented jobs, such as assembler and packager. Bates further testified that there are 1,905 assembler jobs and 1,003 packager positions in the Portsmouth area. The ALJ concluded that these tasks, involving two- to four-part instructions, are no more taxing to the memory than driving or playing golf. We agree.
 
 
 11
 Eggleston's primary argument is that he would become frustrated at adjusting to such a job, especially if his memory failed him. The Secretary concedes that the stress of adjustment is a factor to be considered, but not a conclusive one. Otherwise, the disability standards would favor individuals who formerly had white-collar jobs, like Eggleston, as opposed to someone whose impairment is identical but who is accustomed to menial tasks. The Secretary aptly points out that [t]he Social Security Act does not contemplate that alternative work a claimant could do be limited to the class of jobs performed in the past or to jobs socially acceptable to a middle class claimant. The Act contemplates that the bank's vice-president, security guard and maintenance man be treated equally for purposes of entitlement to social security disability benefits....
 
 
 12
 Brief of Appellee, at 20-21. Moreover, the evidence presented by Eggleston as to his frustration with his impairment is sparse. His wife testified that he occasionally "says a few cuss words" when he forgets something; on the other hand, she also stated that he has a sense of humor and can laugh at his lapses.
 
 
 13
 The denial of benefits is supported by substantial evidence; therefore, the judgment of the district court is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 His pension is $1,300 per month, and would be reduced dollar-for-dollar for any period in which he received social security disability benefits
 
 
 [2]
 Absent a reopening of this denied claim under 20 C.F.R. Secs. 404.988 and 404.989, it is final as to disability through the date of the ALJ's decision